PER CURIAM.
Brent Rice challenges an order for involuntary placement in a mental health treatment facility. He first asserts that the State failed to prove that he met the criteria for involuntary placement. We reject this argument without further discussion. Rice next argues that the trial court erred in failing to inform him of his right to an independent expert examination. We agree and reverse for further proceedings.
Section 394.467(6)(a)2, Florida Statutes (2007), provides, in part: “The patient and the patient’s guardian or representative shall be informed by the court of the right to an independent expert examination. If the patient cannot afford such an examination, the court shall provide for one.” The record reflects that the hearing officer failed to comply with this statutory requirement.
Rice’s counsel made a request for a continuance and an independent examination after one witness, Rice’s treating psychiatrist, had testified for the State. At that time, the hearing officer asked Rice if he had anything to say, and Rice’s counsel responded: “I had talked to him earlier, and he had mentioned to me that he wanted to go home. He felt well enough to go home. And he wants me to ask for a continuance to get an independent examination.” Counsel then requested a two-week continuance and asked the court to find that Rice was unable to afford an independent expert examination. The hearing officer denied the request on the ground that it was untimely. The hearing officer also made the following comments:
What triggers an independent evaluation? I don’t know when that is — what triggers — I mean, obviously, the request can be made and obviously the patient themselves can provide an independent evaluation. But I think the Court has to make a finding as to whether one is appropriate and then go to the issue of who pays for it.
It appears from these and other comments in the record that the hearing officer was unfamiliar with the relevant statute and, as a result, improperly put the burden on Rice to timely request and prove entitlement to an independent expert examination. We therefore reverse for further proceedings wherein the statutory requirements regarding the independent expert examination are met.
Reversed and remanded for further proceedings.
NORTHCUTT, C.J., and FULMER and SILBERMAN, JJ„ Concur.